Francisco VARGAS, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 05–70645.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 30, 2009.

Francisco Vargas, Anaheim, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Marshall Tamor Golding, Esq. Fax, Richard M. Evans, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Francisco Vargas, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination. *Vera–Villegas v. INS*, 330 F.3d 1222, 1230 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Vargas did not meet the continuous physical presence requirement for cancellation of removal where the record contains an administrative voluntary departure agreement signed by Vargas on October 4, 2000. *See Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 974 (9th Cir.2003) (per curiam) (a departure pursuant to an administrative voluntary departure constitutes a break in continuous physical presence); *see also* 8 U.S.C. § 1229b(b)(1) (listing requirements for cancellation of removal for certain non-permanent residents).

We do not reach Vargas' claim that he did not understand the agreement or its impact on any future immigration benefit because he failed to exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Vargas' due process contention is unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

